UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| EVELYN J. LINCOLN, ) </br> ) </br> Plaintiff, ) </br> ) </br> vs. ) </br> ) </br> MICHAEL J. ASTRUE, ) </br> Commissioner of Social Security, ) </br> ) </br> Defendant. ) | Case No. 1:08CV00082 ERW |

## **MEMORANDUM AN D ORDER**

This matter comes before the Court on Plaintiff's Application for Attorney's Fees under the Equal Access to Justice Act [doc. #21].

On July 31, 2009, the Court entered a Memorandum and Order [doc. #20] adopting Magistrate Judge Mary Ann L. Medler's Report and Recommendation that the denial of Plaintiff Evelyn J. Lincoln's ("Plaintiff") application for disability insurance benefits should be reversed and the matter should be remanded to Defendant Michael J. Astrue ("the Commissioner") pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings. On December 7, 2009, Plaintiff filed the present Motion, seeking to recover attorney's fees and expenses totaling $2,255.14 under the Equal Access to Justice Act.

28 U.S.C. § 2412(d)(1)(A) provides that courts "shall award" fees and expenses incurred by a "prevailing party" in certain non-tort civil suits against the United States unless "the position of the United States was substantially justified" or "special circumstances made an award unjust." An order remanding a Social Security claimant's case pursuant to sentence four of 42 U.S.C. § 405(g) requires entry of a final judgment and puts the claimant in the position of a "prevailing party" for purposes of recovering fees and expenses. *Shalala v. Schaefer*, 509 U.S. 292, 300-02

(1993). In order to recover such fees and expenses, the "prevailing party" must submit her application for fees to the court within thirty days of the final judgment, 28 U.S.C. § 2412(d)(1)(B), a time period which begins to run "after the final judgment ('affirming, modifying, or reversing') is entered by the court and the appeal period has run, so that the judgment is no longer appealable." *Melkonyan v. Sullivan*, 501 U.S. 89, 102 (1991) (internal citation omitted).

The Commissioner's sole objection to Plaintiff's Motion is its timeliness; he asserts that her application is untimely under § 2412(d)(1)(B) because the Court ordered remand in this case on July 31, 2009 and Plaintiff did not file her Motion until December 7, 2009. The thirty-day time period never began to run, however, because the Court did not enter a separate document representing the final judgment in connection with its July 31st Order, and the limitations period in § 2412(d)(1)(B) therefore does not bar Plaintiff's Motion. *See Schaefer*, 509 U.S. at 302-03. The Commissioner has conceded that an award of attorney's fees to Plaintiff in the amount sought is appropriate if the Court finds that her application was timely, and having so concluded, the Court finds that Plaintiff's Motion will be granted.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application for Attorney's Fees under the Equal Access to Justice Act [doc. #21] is **GRANTED** in the amount of Two Thousand Two Hundred Fifty-Five Dollars and Fourteen Cents ($2,255.14) for attorney's fees and expenses, and that the award shall be made payable to the law firm of Lichtenegger, Weiss & Fetterhoff LLC.

Dated this 22nd Day of June, 2010.

_E. Richard Webber_
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE